This bill is filed to compel the defendant Mary Levy to specifically perform a contract, dated June 2, 1925, wherein she agreed to sell property on Jones street, Newark, to the Constructo Realty Company, which contract was assigned to the complainant on June 11th, 1925.
Defendants, in the first place, insist that complainants were never ready to take the title, and, in fact, abandoned the contract. The testimony shows that an application was made by complainant to a building and loan association for a loan on the property, but that Joseph Susskind, counsel for the association, and in this case counsel for defendant Mary Levy, informed complainant that there were liens against the property, to wit, six bail bonds totaling $6,000. The purchase price was $5,800. Defendants had received a deposit of $300. Some of these bail bonds were not canceled until September 22d 1925, and one for $1,000 not *Page 635 
until May 22d 1926, two days before the trial of the cause and long after the filing of the bill. There is evidence that Goldberg made efforts to have the title cleared so that he could accept it, and I think the reason for the delay was the failure of the defendant to cancel the liens. In the course of the negotiations counsel for defendant wrote a letter to complainant demanding that he take title by a certain date, October 1st, 1925, and seeking to make that date of the essence of the contract. I do not see how this can be effective as a defense, inasmuch as there were still liens against the property which the defendant had not canceled.
It also appears that Mary Levy entered into a contract of sale for the same property with one Harry Berger, on November 21st, 1925, recorded on November 21st, 1925, at one-twelve P.M., two hours before the contract with complainant was recorded. Therefore, it is contended that Berger was a bona fide
purchaser for value without notice, and is entitled to a deed under his contract. No deed was ever delivered to him and he paid no purchase-money.
"To be a bona fide purchaser without notice, the defendant must, not only have agreed to purchase without notice of the complainant's previous agreement, but he must also have actually paid the purchase-money and taken his deed without such notice."Cramwell v. Clinton Realty Co., 67 N.J. Eq. 540.
"Payment or its equivalent of the whole purchase-money is essential to the defense of a bona fide purchaser. The execution of a bond and mortgage in payment is not sufficient."Bridgewater v. Ocean City Asso., 85 N.J. Eq. 379.
Moreover, it is apparent that Berger must have had notice of the prior agreement between complainant and defendant. Joseph Susskind was the attorney who prepared the contract between Levy and Berger, and Susskind was the attorney for the building and loan, who informed complainant of the liens against the property when complainant went to him with his contract with Levy to perfect a loan. Susskind was Berger's attorney and Levy's, and had notice of the prior contract, which, I think, was notice to Berger. *Page 636 
It also appears that Joseph Susskind, attorney for Mary Levy, himself took title to this property, taking a bargain and sale deed therefor on May 21st, 1926, three days before the trial of this cause, and long after the lis pendens was filed and the case at issue. This fact was not disclosed at the trial and was brought to my attention after the cause was heard. I consider this a distinctly improper act on the part of counsel. He has assured me it was done merely to enable him to cancel the remaining bail bond. He assures me he will reconvey in accordance with my direction. I will not comment further on this transaction, but will advise a decree directing Mary Levy to convey the property to Goldberg and directing Susskind to make a similar conveyance.